UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY NC D.C.
SEP 2 5 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# COMPLAINT

| | |
|---|---|
| James Kozubal<br>　　　Plaintiff,<br>v.<br>Experian Information Solutions Inc<br>Trans Union LLC<br>Equifax Information Services LLC | CASE NO. **4:24-cv-10072-DPG**<br><br>Complaint for a civil case<br><br>Jury Trial: ☒ Yes ☐ No |

## Introduction

1. This is a civil action for actual, statutory damages and cost brought by James Kozubal ("Plaintiff") an individual consumer, against defendants, Experian Information Solutions Inc ("Experian"), Equifax Information Services LLC (Equifax), and Trans Union LLC (Transunion) for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

## Jurisdiction

2. Jurisdiction of this court arises under 15 U.S.C § 1681(P), 15 U.S.C § 1692 K(d) and 28 U.S.C § 1391 B(2) because a substantial part of the events, omissions, or conduct giving rise to plaintiff claim occurred in this judicial district. Defendant ("Experian"), ("Equifax") and (Transunion) transact business in Monroe County, Florida.

COMPLAINT FOR A CIVIL CASE - 1

3. The court has supplemental jurisdiction of any state law pursuant to 28 U.S.C § 1367.

**Parties**

4. Plaintiff, James Kozubal is a natural person and consumer as defined by 15 U.S.C § 1681 a(c), residing in Monroe County, Florida.

5. Upon information and belief, Defendant, Experian Information Services Inc (Experian) is a "Consumer Reporting Agency" with a principal address at 475 Anton Blvd, Costa Mesa, CA, 92626, USA

6. Upon information and belief, Defendant, Transunion LLC (Transunion) is a "Consumer Reporting Agency" with a principal address at 555 West Adams Street, Chicago, IL, 60661-3719, USA.

7. Upon information and belief, Defendant, Equifax is a "Consumer Reporting Agency" with a principal address at 1550 Peachtree Street, N.W., Atlanta, GA 30309.

8. Upon information and belief, Experian, Transunion, and Equifax are "consumer reporting agency", as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Experian and Transunion are regularly engaged in the business of assembling, evaluating, 'and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

9. Upon information and belief, Experian, Equifax and Transunion disburse such consumer reports to third parties under contract for monetary compensation, furnishing consumer reports, as defined in 15 U.S.C. § 1681 a(d) to third parties.

10. The acts as described in this complaint were performed by defendants or on defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of

their actual or apparent authority. As such, all references to "defendant" or their owners, agents, and/or employees.

## Introduction

11. According to 15 USC §1681a of the Fair Credit Reporting Act (FCRA), The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

12. According to 15 USC §1681i(a)(1)(A) Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

13. Furthermore section 15 USC§ 1681e(b) of the FCRA goes on to state that whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

14. Defendant is subject to civil liability under 15 USC § 1681n for the willful noncompliance and 15 USC § 1681o for negligent noncompliance under the Fair Credit Reporting Act.

## Factual Allegations

COMPLAINT FOR A CIVIL CASE - 3

15. On or about August 2023, plaintiff reviewed his Experian, Equifax, and Transunion consumer report.

16. In the report the Plaintiff observed multiple accounts including Mission Lane, JPMCB, One Main, and a collection from Cavalry and LVNV that was reporting inaccurate and incomplete information on his Experian, Equifax and Transunion consumer report.

17. Defendant sent a dispute letter to each bureau on or around November 2023 disputing the completeness and accuracy of the inaccurate accounts stated above to TransUnion, Equifax and Experian.

18. On or around December 2023, Transunion sent back the results of the dispute and the accounts were "Updated" and "Verified as Accurate" however Transunion continued to report the accounts inaccurately on the Plaintiff's consumer report.

19. On or around December 2023, Experian sent back the results of the dispute and the accounts were "Updated" and "Verified as Accurate" however, Experian continued to report the account inaccurately on the Plaintiff's consumer report.

20. On or around December 2023, Equifax sent back the results of the dispute and the accounts were "Updated" and "Verified as Accurate" however, Equifax continued to report the account inaccurately on the Plaintiff's consumer report.

## Allegations Against Equifax

21. In the Plaintiff's dispute letter to the defendant Equifax, the Plaintiff pointed out multiple items of information that the defendant was reporting regarding multiple accounts. The defendant received the dispute letter and continued to verify each inaccurate and incomplete item of information that the Plaintiff brought to their attention in his dispute letter. Looking at the accounts, you can clearly see the inaccuracies that the defendant is reporting. There is a One Main account that is not

reporting the credit limit, the date closed is missing, and the payment history is not reflecting any of the positive payment history only the date when the account went delinquent. The plaintiff has three JPMCB accounts where the date closed is incomplete, the payment history is inaccurate and incomplete, and the balance history is incomplete and not reporting any of the positive payment history that the Plaintiff made which is misleading. The plaintiff has a Macy's account that is not reporting the Date of First Delinquency, and the payment history is inaccurate and incomplete. There is a Mission Lane account that is not reporting the date closed and the payment history is inaccurate and incomplete. There is a collection from Cavalry that is not reporting the date of first delinquency. The defendant also failed to mark the JPMCB accounts, the One Main account, and the Mission Lane account as being in dispute by the consumer which is materially misleading and lowers the Plaintiff's credit score significantly.

22. Equifax failed to mark the three JPMCB accounts, the One Main account, the Mission Lane account, and the Macy's account as being in dispute in despite of clearly receiving the dispute from the Plaintiff which is materially misleading and drastically lowers the Plaintiff's credit score. *Shaw v. Experian Information Solutions, Inc*

## Factual Allegations against Transunion

23. In the Plaintiff's dispute letter to the defendant Transunion, the Plaintiff pointed out multiple items of information that the defendant was reporting regarding multiple accounts. The defendant received the dispute letter and continued to verify each inaccurate and incomplete item of information that the Plaintiff brought to their attention in his dispute letter. The One Main account payment history is inaccurate and incomplete and not reporting any of the positive history from 2017 up until 2019

COMPLAINT FOR A CIVIL CASE - 5

making it look like the Plaintiff never made any on time payments which is misleading. There are three JPMCB accounts that are reporting inaccurate payment history, an incomplete payment history as there are months of positive history that the defendant has an X and is reporting no data, and the remarks are inaccurate as these three accounts should show as being disputed. The Macy's account is reporting an inaccurate and incomplete payment history. The defendant is reporting an account from LVNV which the open date is incorrect as this account was opened in February 2012 not August of 2020 as the defendant is reporting it which is re-aging this debt.

24. Transunion failed to mark the three JPMCB accounts, the One Main account, the Mission Lane account, and the Macy's account as being in dispute in despite of clearly receiving the dispute from the Plaintiff which is materially misleading and drastically lowers the Plaintiff's credit score. *Shaw v. Experian Information Solutions, Inc*

### Factual Allegations against Experian

25. In the Plaintiff's dispute letter to the defendant Experian, the Plaintiff pointed out multiple items of information that the defendant was reporting regarding multiple accounts. The defendant received the dispute letter and continued to verify each inaccurate and incomplete item of information that the Plaintiff brought to their attention in his dispute letter. The One Main account payment history is inaccurate and incomplete and not reporting any of the positive history from 2017 up until 2019 making it look like the Plaintiff never made any on time payments which is misleading. There are three JPMCB accounts that are reporting inaccurate payment history, an incomplete payment history as there are months of positive history that the defendant has an X and is reporting no data, and the remarks are inaccurate as these

three accounts should show as being disputed. The Macy's account is reporting an inaccurate and incomplete payment history. The defendant is reporting an account from Cavalry which the open date is incorrect as this account was opened in

26. Experian failed to mark the three JPMCB accounts, the One Main account, the Mission Lane account, and the Macy's account as being in dispute in despite of clearly receiving the dispute from the Plaintiff which is materially misleading and drastically lowers the Plaintiff's credit score. *Shaw v. Experian Information Solutions, Inc*

27. Experian, Equifax and Transunion had actual knowledge of these inaccuracies from the Plaintiff's dispute letter and deliberately chose to ignore and permit the reporting of the inaccurate accounts.

28. Transunion, Equifax and Experian verified the disputed information without account-level documentation. One cannot verify information without any documentation or evidence to match with the information that each defendant is reporting. the Defendants failed to obtain and review the necessary account-level documentation to properly verify the information. Instead, they relied solely on the furnisher's data, which resulted in the continued reporting of inaccurate information on your credit report. *See Hinkle Vs Transunion*

29. Each defendant must conduct a reasonable reinvestigation of a disputed account. Merely relying on data from the furnisher, without any further inquiry or verification, does not satisfy the CRA's duty under FCRA.

30. Experian, Equifax and Transunion prepared and published to third party's multiple inaccurate consumer reports about the plaintiff that contained the inaccurate accounts despite multiple disputes.

31. Each defendant's reinvestigation results were not proper and as a result they continued reporting information that is materially misleading and thus, inaccurate. See *Shaw v. Experian Information Solutions, Inc.*, concluded that an item of information on a consumer's credit report is "inaccurate" if it either is patently incorrect" or is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." F.3d, 749, 756 (9th Cir. 2018)

32. Experian, Equifax and TransUnion received the Plaintiff's disputes but, in each instance, completely failed to perform the reinvestigations required by law. Rather than conducting a proper investigation, they merely "parroted" the information provided to them by the furnishers without any independent verification or inquiry.

33. The defendants failed conduct a reasonable investigation and failed to review and consider all relevant information submitted by Plaintiff.

34. Experian, Equifax and Transunion possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, each defendant failed to correct the information.

35. Without any explanation or reason, the defendants continued to report these false, inaccurate, or otherwise incomplete information, about Plaintiff.

36. Credit scoring algorithms factor in the Plaintiff's account status when calculating a credit score. The inaccurate reporting of this account has directly resulted in the generation of a lower credit score for the Plaintiff.

37. On at least one occasion within the past year, by example only and without limitation, each defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff. Furthermore, each

defendant continued to furnish an inaccurate report to third parties even after being notified of the inaccurate and incomplete information that they were reporting.

38. Equifax, Experian and Transunion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

39. Experian's and Transunion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

40. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived plaintiff of their rights was directed by Defendant to Plaintiff specifically.

41. Plaintiff's injury is 'particularized and "actual" in that the failure of each defendant to modify or delete the inaccurate and incomplete items in question caused the Plaintiff to suffer from a lower credit score, denial of credit, and loss of opportunity to benefit from credit.

42. Plaintiff's injury is 'particularized and "actual" in that the failure of each defendant to do a proper investigation has caused an inaccurate consumer report to be furnished to multiple third parties which has resulted in humiliation, damage to character, anxiety, and fear for the plaintiff.

43. Due to this negligent reporting by Equifax, Experian and Transunion on the Plaintiff's consumer report, the plaintiff suffered actual damages, including but not limited to: lower credit score, denial of credit, loss of opportunity to secure or benefit from credit, higher interest rates, loss of time, emotional distress, anxiety, damage to reputation, and other mental and physical distress.

44. The conduct, action and inaction of each defendant was willful, thereby rendering Experian, Equifax, and Transunion each liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

45. Plaintiff is entitled to recover reasonable costs and attorney's fees from each defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## Count 1 Violation of the Fair Credit Reporting Act

## 15 U.S.C § 1681e(b) (Equifax)(Experian)(Transunion)

46. Mr. Kozubal realleges and incorporates all other factual allegations set forth in this complaint.

47. Experian, Equifax, and Transunion violated 15 U.S.C §1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit file it published and maintained after the date Plaintiff put the agencies on notice of the suspect and disputed inaccuracies.

48. The requirement for maximum possible accuracy mandates that all details on a consumer report must be reported with complete and 100% accuracy. In this case, Defendants Equifax, Experian, and TransUnion failed to implement reasonable procedures to ensure such accuracy. Despite the Plaintiff providing specific disputes outlining inaccurate and incomplete information on the accounts in question, each Defendant verified the disputed accounts and continued reporting the information inaccurately and incompletely. This disregard for the Plaintiff's dispute constitutes a failure to meet the legal standard of accuracy and completeness as required by the Fair Credit Reporting Act.

49. Each defendant furnished an inaccurate credit report to multiple 3rd party sources even after knowing from the Plaintiff's dispute that the information was inaccurate.

50. As a result of Equifax's Experian's and Transunion's violations of 15 U.S.C 1681e(b), Mr. Kozubal suffered actual damages, including but not limited to: lower credit score, denial of credit, loss of opportunity to secure or benefit from credit, higher interest rates, loss of time, emotional distress, anxiety, damage to reputation, and other mental and physical distress.

51. Each Defendant's violations were willful, making them liable for punitive damages in an amount to be determined by the court under 15 U.S.C. 1681n. Alternatively, if the Defendants' actions are found to be negligent, the Plaintiff is entitled to recover damages pursuant to 15 U.S.C. 1681o.

52. The Plaintiff is entitled to recover actual damages, statutory damages, cost and attorney's fees from each defendant in an amount to be determined by the court pursuant to 15 U.S.C 1681n and 1681o.

## Count II Violation of the Fair Credit Reporting Act
## 15 U.S.C § 1681i(a)(1)(A) (Equifax)(Experian)(Transunion)

53. The Plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

54. Experian, Equifax, and TransUnion repeatedly violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable investigation into whether the disputed information was inaccurate, and by failing to update the current status of the disputed information or delete the item from the Plaintiffs credit file.

55. Each Defendant violated 15 U.S.C. § 1681i(a)(1)(A) by failing to properly investigate the Plaintiff's disputes regarding inaccurate and incomplete items on his consumer report. Despite receiving the Plaintiff's specific disputes, the Defendants failed to

COMPLAINT FOR A CIVIL CASE - 11

update or delete the clearly inaccurate items identified by the Plaintiff, demonstrating their lack of a proper investigation in violation of 15 U.S.C. § 1681i(a)(1)(A).

56. As a result of Equifax's Experian's and Transunion's violations of 15 U.S.C 1681e(b), Mr. Kozubal suffered actual damages, including but not limited to: lower credit score, denial of credit, loss of opportunity to secure or benefit from credit, higher interest rates, loss of time, emotional distress, anxiety, damage to reputation, and other mental and physical distress.

57. Each Defendant's violations were willful, making them liable for punitive damages in an amount to be determined by the court under 15 U.S.C. 1681n. Alternatively, if the Defendants' actions are found to be negligent, the Plaintiff is entitled to recover damages pursuant to 15 U.S.C. 1681o.

58. The Plaintiff is entitled to recover actual damages, statutory damages, cost and attorney's fees from each defendant in an amount to be determined by the court pursuant to 15 U.S.C 1681n and 1681o.

### Count III Violation of the Fair Credit Reporting Act
### 15 .S.C § 1681i(a)(2)(A) (Equifax)(Experian)(Transuion)

59. The plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

60. Transunion, Equifax, and Experian violated 15 U.S.C §1681i(a)(2)(A) on multiple occasions by failing to provide each furnisher that the plaintiff disputed with all relevant information regarding the Plaintiff's disputes.

61. As a result of TransUnion, Equifax, and Experian's failure to comply with 15 U.S.C. § 1681i(a)(2)(A), the furnishers were not given the opportunity to fully investigate or correct the disputed information, further perpetuating the inaccuracies on the

Plaintiff's credit report. This failure to provide the furnishers with all relevant details deprived the Plaintiff of a fair resolution to his disputes and demonstrates the Defendants' continued lack of adherence to their statutory duties under the Fair Credit Reporting Act, causing ongoing harm to the Plaintiff's credit standing and reputation.

62. As a result of Equifax's Experian's and Transunion's violations of 15 U.S.C 1681e(b), Mr. Kozubal suffered actual damages, including but not limited to: lower credit score, denial of credit, loss of opportunity to secure or benefit from credit, higher interest rates, loss of time, emotional distress, anxiety, damage to reputation, and other mental and physical distress.

63. Each Defendant's violations were willful, making them liable for punitive damages in an amount to be determined by the court under 15 U.S.C. 1681n. Alternatively, if the Defendants' actions are found to be negligent, the Plaintiff is entitled to recover damages pursuant to 15 U.S.C. 1681o.

64. The Plaintiff is entitled to recover actual damages, statutory damages, cost and attorney's fees from each defendant in an amount to be determined by the court pursuant to 15 U.S.C 1681n and 1681o.

## Count IV Violation of the Fair Credit Reporting Act
## 15 U.S.C § 1681i(a)(4) (Equifax)(Transunion)(Experian)

65. The Plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

66. Transunion, Equifax and Experian violated 15 U.S.C §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by the plaintiff.

67. As a result of Equifax's Experian's and Transunion's violations of 15 U.S.C 1681e(b), Mr. Kozubal suffered actual damages, including but not limited to: lower credit score, denial of credit, loss of opportunity to secure or benefit from credit, higher interest rates, loss of time, emotional distress, anxiety, damage to reputation, and other mental and physical distress.

68. The violations by each defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C § 1681n. Each defendant was negligent, which entitles the plaintiff to recovery under 15 U.S.C 1681o.

69. The plaintiff is entitled to recover actual damages, statutory damages, cost and attorney's fees from each defendant in an amount to be determined by the court pursuant to 15 U.S.C §1681n and 1681o.

## Count V Violation of the Fair Credit Reporting Act
## 15 U.S.C § 1681i(a)(5)(A)(Equifax)(Experian)(Transunion)

70. The Plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

71. Experian and Transunion violated 15 U.S.C §1681i(a)(5)(A) by failing to promptly correct or delete the disputed inaccurate items of information from the Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

72. As a result of Equifax's Experian's and Transunion's violations of 15 U.S.C 1681e(b), Mr. Kozubal suffered actual damages, including but not limited to: lower credit score, denial of credit, loss of opportunity to secure or benefit from credit, higher interest rates, loss of time, emotional distress, anxiety, damage to reputation, and other mental and physical distress.

73. Each Defendant's violations were willful, making them liable for punitive damages in an amount to be determined by the court under 15 U.S.C. 1681n. Alternatively, if the Defendants' actions are found to be negligent, the Plaintiff is entitled to recover damages pursuant to 15 U.S.C. 1681o.

74. The Plaintiff is entitled to recover actual damages, statutory damages, cost and attorney's fees from each defendant in an amount to be determined by the court pursuant to 15 U.S.C §1681n and 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant, for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper. TRIAL BY JURY IS DEMANDED

Date:     09/23/2024

                                      James Kozubal
                                      Adress: 101 Caloosa Street Apt 5, Tavernier, Fl, 33070
                                      Email: kozubalbusiness@gmail.com
                                      Phone Number: 305-394-1436