UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action No. 24-cv-10072-GAYLES

|  |  |
|---|---|
| **JAMES KOZUBAL,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC;** | ) ) ) ) |
| Defendants. | ) |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
### MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Experian Information Solutions, Inc. ("Experian"), hereby submits this Motion to Dismiss for Failure to State a Claim upon which relief can be granted. Experian requests the Court dismiss the Complaint in its entirety and with prejudice as it fails to state a legally cognizable claim against Experian.

**I.   INTRODUCTION**

Plaintiff James Kozubal ("Plaintiff") filed the instant action against Experian, generally alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff generally complains Experian continued to report inaccurate and incomplete information on Plaintiff's consumer credit report after Plaintiff submitted disputes. Compl. ¶ 25. Plaintiff contends Experian relied on the information received from the furnishers rather than conducting its own investigation into the "account-level documentation." Compl. ¶ 28. Such an obligation is unsupported by legal authority and Plaintiff's complaint fails to state a claim on which relief may

1

be granted. Plaintiff's Complaint should be dismissed with prejudice.

## II.     SUMMARY OF ALLEGATIONS

Plaintiff alleges he reviewed his consumer credit report in August 2023 and noticed inaccurate or incomplete information relating to five accounts. Compl. ¶ 15. Plaintiff submitted a dispute to all defendants in November 2023. Compl. ¶ 17. Experian responded to the dispute in December 2023 confirming the accounts were "updated" and "verified as accurate." Compl. ¶ 19. Plaintiff disagrees with Experian's findings and filed suit alleging the following violations of the FCRA[1]: (1) violation of section 1681e(b) "by failing to establish or follow reasonable procedures to ensure maximum possible accuracy in… Plaintiff's credit reports" (Compl. at 10); (2) violation of section 1681i(a)(1)(A) for "failing to conduct a reasonable investigation" into the accuracy of information on Plaintiff's credit report (Compl. at 11); (3) violation of section 1681i(a)(2)(A) by "failing to provide each furnisher" with all information relevant to each of Plaintiff's disputes (Compl. at 12); (4) violation of section 1681i(a)(4) by "failing to review and consider all relevant information submitted by the plaintiff" (Compl. at 13); and (5) violation of section 1681i(a)(5)(A) for "failing to promptly correct or delete the disputed inaccurate items" from Plaintiff's credit report. Compl. at 14.

At the center of Plaintiff's claims is the allegation Experian "failed to obtain and review the necessary account-level documentation to properly verify the information" and "merely 'parroted' the information provided to them by the furnishers without any independent verification or inquiry." Compl. ¶¶ 28, 32.

---

[1] All citations are to Title 15 of the United States Code unless otherwise specified.

**III.     LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). The pleading standard in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In considering a Rule 12(b)(6) motion, the Court "views the complaint in the light most favorable to the plaintiff, and accept[s] as true all of the plaintiff's well-pleaded facts." *Crook-Petite-el v. Bumble Bee Foods L.L.C.*, 723 Fed.Appx. 974 (11th Cir. 2018). But, in deciding whether dismissal is warranted, a court will not accept conclusory allegations in the complaint as true. *Iqbal*, 556 U.S. at 678.

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'," thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted). "[A] court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory." *Neitzke v.*

*Williams*, 490 U.S. 319 (1989).

Although "[a] pro se pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed," nevertheless, "a pro se pleading must still suggest that there is at least some factual support for a claim." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017).

## IV.    EXPERIAN DOES NOT HAVE A DUTY TO INVESTIGATE ACCOUNT-LEVEL DOCUMENTS AS EXPERIAN IS NOT A CREDIT FURNISHER

The crux of each of Plaintiff's claims is whether Experian's investigations of the disputes were sufficient under the FCRA. Plaintiff contends a credit reporting agency ("CRA") "must conduct a reasonable reinvestigation of a disputed account," and "merely relying on data from the furnisher, without any further inquiry or verification, does not satisfy the CRA's duty under FCRA." Compl. ¶ 29.[2] This is patently false.

The FCRA imposes various obligations on a CRA such as Experian, including those sections under which Plaintiff brings his claims. First, Section 1681e(b) mandates a CRA follow "reasonable procedures to assure maximum possible accuracy." Second, Section 1681i sets out the procedure for investigating a dispute. Third, Section 1681i(a)(1)(A) requires a credit agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." Fourth, Section 1681i(a)(2)(A) mandates a credit agency to notify the furnisher of the dispute and include "all relevant information regarding the dispute that the agency has received from the consumer or reseller." Section 1681i(a)(4) says the credit agency shall "review and consider all relevant

---

[2] Plaintiff refers to *"Hinkle v. Transunion"* in support of this allegation but does not include a citation. Presumably the case Plaintiff is citing is *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295 (11th Cir. 2016).

4

information submitted by the consumer… with respect to such disputed information." Fifth, 1681i(a)(5)(A) requires a credit agency to delete or modify an item of information that is found to be inaccurate or unable to be verified. Plaintiff makes merely conclusory allegations Experian failed to fulfill these obligations.

Notably, none of the statutes that are the basis of Plaintiff's claims require a credit agency to conduct its own investigation into the "account-level documentation," as Plaintiff alleges. Compl. ¶ 28.[3] That Congress explicitly imposed some requirements on a CRA during a reinvestigation and omitted the requirement that a CRA investigate the "account level documents" suggests Congress did not intend for such an obligation to exist. "[T]he more sensible conclusion is that, if anything, the 'reasonable' qualifier attached to a CRA's duty to reinvestigate limits its obligations on account of its third-party status and the fact that it is repeating a task already completed once." *Gorman v. Wolpoff & Abramdon, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (noting "the furnisher of credit information stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation.").

Generally, "[a] credit reporting agency's reinvestigation obligation is to verify the accuracy of its original source of information." *Dixon-Rollins v. Experian Info. Sols., Inc.*, 753 F.Supp.2d 451, 458. Indeed, the originator of the information – that is, the creditor – has a direct relationship with consumers and therefore has a higher duty to investigate than CRAs. *Id.* at 459.

Plaintiff misplaces the duty imposed on credit furnishers onto Experian. Plaintiff relies on *Hinkle* and contends Experian had a duty to "obtain and review the necessary account-level

---

[3] In the collections industry, account level documents refer to documents provided by a *creditor* to a consumer about a debt or a complete transactional history of a debt created by the *creditor*. *See, e.g., In re Pressler & Pressler*, LLP, et al., File No. 2016-CFPB-0005.

documentation to properly verify the information." Compl. ¶ 28. This is not supported by the cited authority. In *Hinkle*, the court explained that once the CRA notifies the furnisher of the dispute, the ***credit furnisher*** must then investigate, which may include review of account-level documentation. *Hinkle*, 827 F.3d at 1301. Experian is a CRA and not a credit furnisher and such a duty does not apply to Experian.

## V.  CONCLUSION

Experian requests the Court grant its motion and dismiss Plaintiff's Complaint in its entirety, with prejudice.

Respectfully submitted, November 4, 2024.

/s/ Noah J. DiPasquale
Noah J. DiPasquale (Florida Bar No. 1003238)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1266
Facsimile: (804) 697-1339
E-mail: noah.dipasquale@troutman.com
*Attorneys for Experian*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action No. 24-cv-10072-GAYLES

| | |
|---|---|
| **JAMES KOZUBAL,** | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>) |
| **EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES, LLC;** | )<br>)<br>)<br>) |
| Defendants. | |

I HEREBY CERTIFY that I have this day served a copy of **MOTION TO DISMISS PLAINTIFF'S COMPLAINT** upon Plaintiff (pro se) by filing with the Court via ECF/PACER, which distributes a copy by e-mail to all counsel of record. I hereby certify that I sent a copy of the foregoing document via U.S. First Class Mail to Plaintiff at:

James Kozubal
101 Caloose Street Apt. 5
Tavernier, FL 33070

This 4th day of November, 2024

TROUTMAN PEPPER HAMILTON
SANDERS LLP

/s/ *Noah J. DiPasquale*
Noah J. DiPasquale